**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HON. TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| TAKAOKAYA USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 24-00213 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Takaokaya USA, Inc. ("Takaokaya"), pursuant to Rules 6, 7, and 16 of the Rules of the United States Court of International Trade ("USCIT"), respectfully opposes Defendant's Motion to Amend Scheduling Order, ECF No. 31 ("Motion").[1] The Motion — the Government's third request to amend the schedule in this action, filed one day before its expert report is due — seeks to push every remaining deadline in the case back by approximately 30 days. The Government has not shown good cause for that relief.

Takaokaya does not oppose a short extension of the deadline for the exchange of expert reports by 14 days, to November 13, 2026, with a corresponding adjustment of the rebuttal report deadline to December 23, 2026. Takaokaya does, however, oppose a 30-day extension as excessive, and opposes any change to the remaining case schedule, which already has ample room to accommodate expert depositions before the dispositive motion deadline. A proposed order granting the Motion in part is attached.

[1] Although the Motion's closing paragraph and the proposed order refer to a "consent motion" (Mot. at 3; Proposed Order at 1), Takaokaya does not consent, as the body of the Motion acknowledges. (Mot. at 3.)

## BACKGROUND

This action, commenced in 2024, concerns the tariff classification of nori seaweed imported from Japan. From the outset, the parties have understood that the classification question turns on technical issues of food processing and preservation, and the Court's scheduling orders have consistently provided for expert reports, rebuttal reports, and expert discovery. *See* Scheduling Order, ECF No. 30 (Aug. 21, 2026) and prior scheduling orders, ECF Nos. 16, 22, 24, 26 and 28.

Fact discovery closed on September 23, 2026. (ECF No. 30.) On September 30, 2026, as the Scheduling Order required, both parties timely disclosed their expert witnesses under USCIT Rule 26(a)(2)(A). Takaokaya disclosed Kevin M. Keener, Ph.D., P.E., a professor of food engineering at the University of Guelph, to testify on food preservation and food processing as they relate to the classification of the subject merchandise. Pl.'s Disclosure of Expert Witness (Sept. 30, 2026) (Ex. A). The Government disclosed Dr. Ira A. Levine, Professor Emeritus at the University of Southern Maine. Def.'s Disclosure of Expert Witness (Sept. 30, 2026) (Ex. B). The Government's disclosure gave no indication that its expert would need more time to prepare his report.

Nothing has happened in the case since. No further discovery has been taken, no motions have been filed, and no new evidence has been produced. Takaokaya's expert has completed his report and is ready to exchange it on October 30, 2026, as the Scheduling Order requires. Declaration of Glen K. Allen ("Allen Decl."), filed concurrently herewith, ¶¶ 3–4.

The Government first raised the need for more time on the evening of Tuesday, October 27, 2026 — three days before the reports were due — when it asked Takaokaya to consent to a 30-day extension of every remaining deadline. Allen Decl. ¶¶ 5–6. The next day, Takaokaya advised that it could not agree to so long an extension, but that it was open to discussing a shorter one and

proposed a call. *Id.* ¶ 7. The Government responded that 30 days was "the shortest that the Government would need," and filed the Motion on October 29, 2026. *Id.* ¶ 8.

The current deadlines and the Government's proposed deadlines are as follows:

| **Event** | **Current deadline (ECF No. 30)** | **Government's proposal** | **Takaokaya's proposal** |
|---|---|---|---|
| Expert reports | October 30, 2026 | November 30, 2026 | November 13, 2026 |
| Rebuttal expert reports | December 4, 2026 | January 4, 2027 | December 23, 2026 |
| Close of expert discovery | January 22, 2027 | February 22, 2027 | January 22, 2027 (unchanged) |
| Discovery motions | 30 days after close of expert discovery | 30 days after close of expert discovery | Unchanged |
| Dispositive motions | February 19, 2027 | March 22, 2027 | February 19, 2027 (unchanged) |
| Request for trial (if no dispositive motions) | March 19, 2027 | April 19, 2027 | March 19, 2027 (unchanged) |

## ARGUMENT

### I. The Government Must Show Diligence, Not Mere Convenience

A scheduling order "may be modified only for good cause and with the judge's consent." USCIT R. 16(b)(4); *see also* USCIT R. 6(b)(1)(A). As the Government acknowledges, good cause requires the movant to show that the deadline "cannot reasonably be met despite the movant's diligent efforts to comply with the schedule," and diligence is the "primary consideration." Mot. at 1 (citing *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013), and *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014)). "If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## II. The Government Has Not Shown Good Cause for a 30-Day Extension

### A. The Need For Expert Testimony Has Long Been Known and Both Parties Met the Disclosure Deadline.

The Government suggests that it concluded only after fact discovery closed that the evidence involved "technical and specialized subject matter" warranting expert analysis. Mot. at 2. But the technical nature of this classification dispute — how the subject seaweed was processed or preserved — has been apparent since the case began, and the Court's scheduling orders have always provided for expert discovery. The Government retained its expert, knowing the report was due October 30. Having made that choice, it cannot now claim the resulting time pressure as good cause.

### B. Nothing Has Changed Since the Disclosure Deadline and the Government Never Signaled A Problem Until Three Days Before the Deadline.

Each side timely disclosed its expert on September 30, 2026. (Exs. A, B.), and the Government said nothing about needing more time. Since then, no development has occurred in the case that could have enlarged the expert's task. No additional discovery has been requested and no further evidence has been produced. The Government points to no new circumstance at all. Takaokaya's expert has completed his report under the same schedule the Government now says it cannot meet. The schedule was not unreasonable; it was simply not followed with diligence.

The Government's expert's "substantial work-related international travel in the past several weeks" (Mot. at 2), was by definition known to the Government for weeks, yet it waited until the evening of October 27 to raise the issue. Likewise, counsel's other assignments (Mot. at 2–3), are the ordinary demands of litigation practice and do not show that the deadline could not have been met through diligent effort. Nor does the Government explain why those matters require a full 30 days rather than a shorter period. When Takaokaya offered to discuss a shorter extension, the Government declined. (Allen Decl. ¶¶ 5–8.)

## III. Any Extension Should Be Short and Should Not Disturb the Rest of the Schedule

Takaokaya does not oppose a modest 14-day extension of the expert report deadline, to November 13, 2026. That accommodation fully addresses the only difficulty the Motion identifies — the time needed to finish one report.

Takaokaya also proposes that rebuttal reports be due on or before December 23, 2026. Takaokaya's expert will be out of the country attending two professional conferences in China from November 23 through December 12, 2026. Allen Decl. ¶ 10. A December 23 deadline gives him 10 days before his trip and 11 days after it to respond to the Government's report, essentially the same three-week period that he would have had under the original schedule.

There is no reason to move the rest of the schedule. With rebuttal reports exchanged by December 23, 2026, the depositions of the two experts can readily be completed before expert discovery closes on January 22, 2027, even with the holidays. All of this would conclude well before the dispositive motion deadline of February 19, 2027, let alone the March 19, 2027 deadline for any request for trial. The Government itself had initially acknowledged that it "would be amenable to crunching" the other deadlines. (Allen Decl. ¶ 6). Shifting every deadline by a month would reward the Government's lack of diligence and further delay resolution of a case that has been pending since 2024, to Takaokaya's prejudice, after Takaokaya has already agreed to multiple prior extensions. *Id.* ¶ 9.

## CONCLUSION

For these reasons, Takaokaya respectfully requests that the Court deny the Motion to the extent it seeks a 30-day extension of all remaining deadlines, and instead (1) extend the deadline for the exchange of expert reports to November 13, 2026; (2) extend the deadline for rebuttal

expert reports to December 23, 2026; and (3) leave all other deadlines in the Scheduling Order, ECF No. 30, unchanged.

Respectfully submitted,

/s/ Glen K. Allen
GLEN K. ALLEN
Glen K. Allen Law
5423 Springlake Way
Baltimore, MD 21212
(410) 802-6453
glenallenlaw@protonmail.com

*Attorneys for Plaintiff Takaokaya USA, Inc.*

Dated: October 29, 2026

**Exhibits**

- Declaration of Glen K. Allen
- Exhibit A — Plaintiff's Disclosure of Expert Witness Pursuant to USCIT Rule 26(a)(2)(A) (Sept. 30, 2026)
- Exhibit B — Defendant's Disclosure of Expert Witness (Sept. 30, 2026)

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HON. TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| TAKAOKAYA USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 24-00213 |

**[PROPOSED] AMENDED SCHEDULING ORDER**

Upon consideration of Defendant's Motion to Amend Scheduling Order, ECF No. 31, Plaintiff's opposition thereto, and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Motion is GRANTED IN PART and DENIED IN PART; and it is further

**ORDERED** that expert reports under USCIT Rule 26(a)(2), if any, shall be exchanged on or before November 13, 2026; and it is further

**ORDERED** that expert rebuttal reports, if any, shall be exchanged on or before December 23, 2026; and it is further

**ORDERED** that all other deadlines set forth in the Scheduling Order of August 21, 2026, ECF No. 30, remain in effect.

SO ORDERED.

______________________________
Timothy C. Stanceu, Judge

Dated: _______________, 2026
New York, New York